# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THEODORE JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 13-6544** |
| **NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | **SECTION: "E"(5)** |

## ORDER AND REASONS

Before the Court is a Motion to Reinstate Administrative Closed Case filed by Plaintiff Theodore Johnson.[1] Plaintiff moves the Court to reopen this civil action and set a trial on his due process claims. Defendant Nancy A. Berryhill, acting Commissioner of the Social Security Administration ("Defendant"), opposes the Motion to Reinstate.[2] Before the Court ruled on the Motion to Reinstate, Defendant filed a Motion to Dismiss.[3] Defendant moves to dismiss Plaintiff's claims as moot and for lack of subject matter jurisdiction.[4] Plaintiff opposes the Motion to Dismiss.[5]

The Motion to Reinstate[6] is **GRANTED**. The Court will reopen this matter and consider the Motion to Dismiss.[7] For the reasons that follow, the Motion to Dismiss is **GRANTED.**

## BACKGROUND

Plaintiff's original complaint in this Court sought judicial review of a determination by the Social Security Administration ("SSA") that he received an

---

[1] R. Doc. 45.
[2] R. Doc. 46.
[3] R. Doc. 48.
[4] *Id.*
[5] R. Doc. 49.
[6] R. Doc. 46.
[7] R. Doc. 48.

1

overpayment of disability insurance benefits in the 1970s.[8] The complaint additionally alleged a violation of Plaintiff's due process rights as a result of the SSA's withholding benefits before completion of the administrative appeals process and judicial review.[9] This Court affirmed the Commissioner of Social Security's determination that Plaintiff received an overpayment of disability benefits, reversed the Commissioner's determination as to the amount of benefits overpaid, and remanded the case to the Commissioner for a determination, supported by substantial evidence, of the amount of overpayments.[10] On March 31, 2015, Plaintiff appealed the matter to the United States Court of Appeals for the Fifth Circuit.[11] The Fifth Circuit reversed this Court's determination that Plaintiff received an overpayment of disability benefits, finding there was insufficient evidence to support the Commissioner's findings, and found it was not necessary to remand the case to the Commissioner for further findings.[12]

After a favorable decision from the Fifth Circuit, Plaintiff moved this Court to set a trial on his due process claim.[13] In response, Defendant argues the cause of action should be dismissed under Rule 12(b)(1) because Plaintiff's claim is moot and because this court lacks subject matter jurisdiction.[14]

## **LAW AND ANALYSIS**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[15] A motion to dismiss under Federal

---

[8] R. Doc. 1.
[9] *Id.*
[10] R. Doc. 28 (adopting Magistrate's Report and Recommendation); R. Doc. 30 (clarifying the Court's Order).
[11] R. Doc. 31.
[12] *Johnson v. Social Security* Administration, 631 Fed. App'x 260 (5th Cir. 2016) (per curiam); R. Doc. 44.
[13] R. Doc. 45.
[14] R. Doc. 46; R. Doc. 48.
[15] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

Rule of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[16] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[17] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[18] The court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.[19]

Article III of the Constitution limits federal-court subject matter jurisdiction to "cases" and "controversies."[20] The Supreme Court has interpreted this requirement to demand that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed."[21] For a justiciable case or controversy to exist, the Plaintiff must have standing to bring the claim. A plaintiff has standing when (1) the plaintiff suffered an injury in fact; (2) there is a causal connection between the injury and the complained of conduct; and (3) the alleged injury *can be redressed by a favorable decision.*[22] A case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party."[23]

Plaintiff alleges the SSA violated his Fifth Amendment right to due process when it withheld his Social Security disability benefits before the completion of his administrative appeal of the overpayment and withholding.[24] When the SSA determines

---

[16] *See* FED. R. CIV. P. 12(b)(1).
[17] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[18] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[19] *Id.*
[20] U.S. CONST., ART. III, § 2; *see Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 318 (5th Cir. 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)).
[21] *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).
[22] *Id.* (citing *Lujan*, 504 U.S. at 560-61).
[23] *Knox v. Service Employees*, 567 U.S. 298, 307-08 (2012) (internal quotation marks omitted).
[24] R. Doc. 1 at 7.

3

an individual has been overpaid benefits, it may recover the amount of overpayment by withholding all or part of future payments to the individual.[25] Pursuant to 20 C.F.R. 404.506(g), the SSA will withhold benefits before the administrative review and appeal process is completed. Because it determined Plaintiff received a past overpayment of benefits, the SSA began withholding a portion of Plaintiff's monthly disability benefit payments in May of 2010.[26] After Plaintiff received a favorable ruling from the United States Court of Appeals for the Fifth Circuit, the SSA repaid the benefits it withheld and removed any record of its claim to overpayment from Plaintiff's Social Security record.[27]

Because of the alleged violation of Plaintiff's due process rights, Plaintiff requests judgment in his favor, damages and legal interest thereon, recovery for the costs and expenses of the proceeding, and paralegal fees.[28] Generally, individuals whose constitutional rights have been violated by employees of the federal government may recover money damages pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*.[29] However, the Supreme Court has held that social security claimants may not bring *Bivens* actions alleging due process violations.[30] Money damages are not recoverable from either the SSA or the Commissioner in her individual capacity.[31] Accordingly, "claimants whose benefits have been fully restored through the administrative process would lack standing to invoke the Constitution."[32]

---

[25] 20 C.F.R. 404.506(g).
[26] R. Doc. 9 at 68.
[27] R. Doc. 48-2 at 2.
[28] R. Doc. 1 at 8-9.
[29] 403 U.S. 388 (1971).
[30] *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988).
[31] *Becker v. Berryhill*, 208 WL 3977889, at *4 (W.D. Tex. Aug. 20, 2018).
[32] *Schweiker*, 487 U.S. at 424-25; *Becker*, 2018 WL 3977889, at *4 (finding action would be moot because Plaintiff's benefits were restored after termination and Plaintiff could not receive money damages); *see also Maloney v. Soc. Sec. Admin.*, No. 02-CV-1725, 2006 WL 1720399, at *6 (E.D.N.Y. June 19, 2006), aff'd, 517 F.3d 70 (2d Cir. 2008) (quoting *Headen v. Sullivan*, No. 91-CV-5817, 1992 WL 471168, at *2 (S.D.N.Y. Sept.

4

Plaintiff's claim that the SSA violated his due process rights is moot because he no longer has an injury that can be redressed by a favorable decision from this Court. Accordingly, there is no longer a case or controversy, and this Court lacks jurisdiction to consider the matter.[33] This Court cannot award damages for an alleged violation of Plaintiff's due process rights in the withholding of social security benefits to recoup an overpayment.[34] Plaintiff has been made whole because he has received the previously withheld money, and all record of the SSA's claim to overpayment has been removed from his record.[35] As a result, Plaintiff lacks standing to bring his due process claim.

Further, Plaintiffs allegations do not demonstrate the SSA violated his due process rights. The Supreme Court has recognized a statutorily created property interest in the continued and uninterrupted receipt of social security benefits.[36] However, the Supreme Court has found an evidentiary hearing is not required prior to the termination of benefits. The Supreme Court held that, because "a recipient whose benefits are terminated is awarded full retroactive relief if he ultimately prevails" on his appeal of the termination of benefits, due process is not violated when benefits are terminated before a beneficiary exhausts administrative appeal and judicial review of the decision.[37] The Ninth Circuit has applied this reasoning to the recoupment of an overpayment of benefits, finding no due process violation when an overpayment was recouped by withholding

---

8, 1992)) ("In a social security action seeking payment of benefits, the actual payment of those benefits generally moots the action.")
[33] U.S. CONST., ART. III, § 2; *see Rivera*, 283 F.3d at 318; *Arizonans for Official English*, 520 U.S. at 67; *Lujan*, 504 U.S. at 559-60.
[34] *Schweiker*, 487 U.S. at 424.
[35] R. Doc. 48-2 at 2.
[36] *Matthews v. Eldridge*, 424 U.S. 319, 333, 340 (1976).
[37] *Id.*

future benefits before a hearing.[38] As a result, Plaintiff's Complaint and Motion to Reopen fail to state a claim upon which relief can be granted.

Accordingly;

**IT IS ORDERED** that the Motion to Dismiss filed by Defendant[39] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's due process claim is **DISMISSED AS MOOT**.

**New Orleans, Louisiana, this 5th day of April, 2019.**

*[signature]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[38] *Duschel v. Comm'r of Soc. Sec. Admin.*, 526 F. App'x 715, 718 (9th Cir. 2013).
[39] R. Doc. 45.